**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| AMERICAN POWER, LLC<br>1819 Troy Street<br>Dayton, OH 45404<br><br>       Plaintiff,<br><br>vs.<br><br>BISHKEK STAMPING PLANT,<br>STATE ENTERPRISE<br>c/o A.S. Akmataliev, Acting Director<br>720017, Kyrgyz Republic<br>City of Bishkek, Prospect Ch. Aitmatov 1<br><br>and<br><br>KYRGYZ REPUBLIC<br>c/o Embassy of the Kyrgyz Republic<br>2360 Massachusetts Ave. NW<br>Washington, D.C. 20008<br><br>       Defendants. | : : : : : : : : : : : : : : : : : : : : : : : : : | Case No. 3:22-cv-312 |

## COMPLAINT FOR BREACH OF CONTRACT

NOW COMES Plaintiff, American Power, LLC ("AP"), and for its Complaint against Defendants, Bishkek Stamping Plant, State Enterprise ("BSP") and the Kyrgyz Republic, states as follows:

1. Plaintiff, American Power, LLC, is an Ohio limited liability company engaged in the businesses of transportation and importing goods.

2. Defendant, Bishkek Stamping Plant, State Enterprise, is a manufacturing facility owned and operated as a state-owned enterprise by co-Defendant, Kyrgyz Republic.

3. On or about November 5, 2021, American Power entered into a Contract with Defendants for the purchase and sale of goods as specified in the contract (the "Contract"). A copy of the Contract, which is written in both English and Russian, is attached hereto as Exhibit A.

4. Pursuant to the Contract, AP made a deposit of $462,500 as a prepayment for the delivery of the goods specified in the Contract.

5. Under the terms of the Contract, the goods were to be delivered on or before January 12, 2022, or sixty (60) days after the deposit was paid.

6. As of the date of this Complaint, no goods have been delivered.

7. Defendants now claim that the delivery of the goods has been delayed by a force majeure event, namely, the Russia-Ukraine war (which began February 24, 2022) and certain travel restrictions imposed by the Russian Federation (which were put into place on April 15, 2022). Defendants claim that the shipment is currently stranded in the territory of the Russian Federation.

8. Under Section 11.2 of the Contract, in the event of a force majeure circumstance:

    "If such circumstances continue beyond 3 months, either Party shall have the right to decline further fulfillment of obligations under the Contract, in this case neither Party shall have the right to repair a loss by another party. **Any prepayment must be returned**." (Emphasis added).

9. On or about September 20, 2022, AP sent Defendants a letter requesting termination of the Contract and return of the deposit, due to the failure of Defendants to deliver the goods, as well as AP's rights under Section 11.2 to have its deposit returned in the event of a force majeure lasting longer than 3 months.

10. On or about September 22, 2022, Defendants responded in a manner that clearly breaches the contract – stating that they would only return the deposit if they are able to recover the goods and sell them to a third party.

## CAUSE OF ACTION
### Breach of Contract

11. The allegations contained in the above paragraphs are incorporated by reference as if fully rewritten herein.

12. A valid and binding contract exists between the parties.

13. Defendants breached the contract by failing to make delivery of the goods.

14. The first delivery was due prior to any force majeure event; thus, Defendants were already in breach before any such circumstances occurred.

15. Even if a force majeure event is the direct cause of Defendants' failure to provide the goods, the Contract provides that Defendants are nonetheless in breach, because they have failed to return AP's deposit.

16. Prior to Defendants' breach, AP had fully performed its obligations under the Contract.

17. As a direct and proximate consequence of Defendants' breach, AP has been damaged in the amount of $462,500, plus interest.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, for: 1) the return of Plaintiff's deposit in the amount of $462,500, 2) the costs of this action, 3) reasonable attorney's fees, 4) pre-judgment interest, 5) post-judgment interest to accrue until paid, and 6) any other relief the Court deems just and appropriate.

Respectfully submitted,

*/s/ Todd E. Bryant*

_____
Todd E. Bryant (0072738)
The Bryant Firm, LLC
400 E. Fifth Street, Suite C
Dayton, OH 45402
(937) 581-3792

todd@thebryantfirm.com
*Counsel for Plaintiff*